**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW S. AGBAOSI, | No. 22-55243 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-01123-JWH-KK |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted May 10, 2023**
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Plaintiff Matthew Agbaosi appeals pro se from the district court's summary

judgment in his action alleging claims under Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e–2000e-17 (Title VII), and the Age Discrimination in

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Employment Act of 1967, 29 U.S.C. §§ 621–634 (ADEA). We review the grant of summary judgment de novo[1] and the decision to exclude evidence for abuse of discretion.[2]

The district court did not err in granting summary judgment.[3] Summary judgment on Agbaosi's Title VII disparate treatment claim was proper because he failed to show that Defendant's proffered reasons for imposing a threat assessment meeting and lowering his performance review score were pretexts for discrimination. *See Opara*, 57 F.4th at 728–29.

Agbaosi's Title VII hostile work environment claim based on a single racist photo and note was time barred. *See* 29 C.F.R. § 1614.105(a)(1); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002). The continuing violations doctrine did not apply because Agbaosi failed to present evidence that any other alleged harassment was motivated by discriminatory animus. *See Surrell v. Cal. Water*

---

[1] *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023).

[2] *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). The district court did not abuse its discretion when it declined to consider evidence that was not clearly and specifically referenced in the moving papers. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Domingo*, 289 F.3d at 605.

[3] We may affirm the grant of summary judgment on any ground supported by the record. *Am. Fed'n of Musicians v. Paramount Pictures Corp.*, 903 F.3d 968, 981 (9th Cir. 2018).

*Serv. Co.*, 518 F.3d 1097, 1108–09 (9th Cir. 2008); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–17, 122 S. Ct. 2061, 2074, 153 L. Ed. 2d 106 (2002); *cf. Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687–88 (9th Cir. 2017).  Moreover, the claim was not subject to equitable tolling because, among other things, Agbaosi had experience filing both Title VII complaints with the Equal Employment Opportunity Commission and actions based thereon.  *See* 29 C.F.R. § 1614.105(a)(2); *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96–97, 111 S. Ct. 453, 457–58, 112 L. Ed. 2d 435 (1990); *Lyons*, 307 F.3d at 1105 & n.5.  The evidence did not raise a material issue regarding tolling.

Summary judgment was proper on Agbaosi's Title VII retaliation claim because, among other things, he failed to show that Defendant's reasons for calling the threat assessment meeting and lowering his performance review rating were pretextual.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062–63 (9th Cir. 2002).

Summary judgment was proper on Agbaosi's ADEA claim because he failed to identify any evidence that his age was a but-for cause of differential treatment. *See Babb v. Wilkie*, __ U.S. __, 140 S. Ct. 1168, 1173, 206 L. Ed. 2d 432 (2020).

We do not consider arguments or evidence raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief.

3

*See Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1261 n.4 (9th Cir. 2016); *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1279 (9th Cir. 1994); *see also Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**  All pending motions are **DENIED**.